## STATE *vs.* GEORGE W. CONGDON.[1]

Under the Public Statutes of Rhode Island the fact that a board of canvassers has listed a man among those qualified to vote on any proposition to impose a tax or expend money in the town of his residence is not conclusive evidence that he is qualified to serve as a grand juror.

INDICTMENT for murder. On demurrer to the replication.

At the August Term, A. D. 1883, of the Supreme Court for the county of Kent, an indictment was found by the grand jury charging the defendant with murder. The indictment was preferred by

---

[1] And see *State* v. *Congdon, infra.*

the attorney general, and was signed by fifteen grand jurors. The defendant pleaded in abatement[1] of the indictment that one of the grand jurors, naming him, was not a legal juror, but was taken on *venire*, not being " qualified to vote upon any proposition to impose a tax, or for the expenditure of money," in the town of his residence where he was drawn, nor in any town in said county. To this plea the State replied that the name of the grand juror was upon the voting list of property voters in his town, and was placed there by the board of canvassers. The defendant demurred to the replication, and the State joined in the demurrer.

*East Greenwich, October* 6, 1883. DURFEE, C. J. The question raised by the demurrer is whether it must be taken to be conclusively proved that a person is qualified to serve as a grand juror, because his name is on the alphabetical list of persons qualified to vote on any proposition to impose a tax or expend money in the town where he resides, having been put there by the board of canvassers of the town. The attorney general contends that it must be so taken, because the Public Statutes provide as follows, to wit : *first*, by cap. 200, § 1, that " All persons who are qualified to vote upon any proposition to impose a tax or for the expenditure of money shall be liable to serve as jurors " unless exempt ; *second*, by cap. 7 and 8, that the boards of canvassers of the several towns shall make lists of all persons who are qualified as aforesaid, the lists being the result of judicial inquiry and adjudication ; and *third*, by cap. 10, § 1, that the moderators and wardens of the several towns shall receive the votes of all persons whose names are on the lists, and shall reject the votes of all whose names are not there. Undoubtedly the provisions of cap. 7, 8, and 10 referred to, make the lists conclusive evidence of electoral qualification for moderators and wardens, in the elections which follow next after they are made. The provisions, however, do not purport to make the lists conclusive in any other matter or for any other purpose, and therefore if they are conclusive in any other matter they are so by implication or legal intendment, as a consequence of their being so in the elections.

The attorney general argues, from the provision that the vote

---

[1] See *State* v. *Maloney*, 12 R. I. 251.

of no person shall be received unless his name is on the lists or be rejected if it is there, that the listing itself qualifies the voter or gives him the right to vote. We do not think the argument is tenable. The right or qualifications are given or prescribed by the Constitution, and it is utterly beyond the power of the General Assembly, either directly or indirectly, to alter, add to, or abridge them. The office of the canvassers is neither to give nor to withhold the right, but simply to determine whether it exists, and, if they find the right exists, to list the name of the person entitled to it, their determination being conclusive for the moderator or warden at the next election, but not for a subsequent election unless it occurs without opportunity for further revision. The listing is prescribed under the power which the General Assembly has to regulate the exercise of the right; the right itself exists independently of it. *In re the Polling Lists*, 13 R. I. 729 ; *Capen v. Foster et al.* 12 Pick. 485, 492. In fact the listing, so far from giving the right, will not protect the voter, though it may enable him to vote, unless he is otherwise qualified ; for our statutes prescribe a punishment " for every person who in any election shall fraudulently vote, not being qualified." Pub. Stat. R. I. cap. 13, § 2. In *The State v. Macomber*, 7 R. I. 349, which was an indictment under this provision, both court and counsel took it for granted, as if it were too plain for question, that the listing of the accused did not protect him if he had voted knowing that he was not constitutionally qualified. If it were otherwise, then a mere alien, without the slightest color of right under the Constitution, could vote with impunity, the same as if he were a citizen, if his name should happen to have been inadvertently put upon the voting lists by the canvassers.

If therefore the listing be conclusive here, it is conclusive not because it gives a right to vote, but because it operates as an estoppel, the determination of the canvassers being held to be a judgment which binds the defendant here, the same as it bound the moderator or warden at the election. Can .their determination be treated as such a judgment ? We think not. The determination, as we have seen, is required by the statute for a particular purpose of temporary duration ; and it seems to us that it would be utterly unwarrantable to treat it as conclusive for another pur-

pose, so entirely distinct as that for which it has been invoked. The defendant, except as he was one of the public, was not a party to the judgment, and therefore, except in the public matter of the election, he ought not in our opinion to be concluded by it. Even for the public the determination was only temporary; and before another election the name of the juror may be stricken from the voting lists, though all the facts affecting his right remain unchanged, simply because new evidence has been adduced, or because without new evidence the canvassers have changed their opinion. The demurrer is therefore sustained and the indictment quashed.                                    *Demurrer sustained.*

*Samuel P. Colt,* Attorney General, for plaintiff.

*Willard Sayles & Adoniram J. Cushing,* for defendant.